UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| APRIL L. MOORE, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) | CAUSE NO. 1:17-cv-00266-TLS-SLC |
| FWCS SOUTH TRANSPORTATION, | ) ) ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

Before the Court is a letter (DE 22) and a motion (DE 30) filed by *pro se* Plaintiff April L. Moore in this Title VII discrimination case against her former employer, FWCS South Transportation, asking that the Court recruit an attorney to represent her. For the following reasons, Moore's request will DENIED.

*A. Legal Standard*

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Rather, district courts are empowered to appoint an attorney to represent a plaintiff without charge when she is "unable to afford counsel," 28 U.S.C. § 1915(e)(1), or in Title VII cases "in such circumstances as the court may deem just," 42 U.S.C. § 2000e-5(f)(1).

The Seventh Circuit Court of Appeals has instructed that several factors should be weighed by the district court when determining whether appointment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it herself. *McCaa v. Hamilton*, 893 F.3d 1027, 1031 (7th Cir. 2018)

(citation omitted); *Pruitt*, 503 F.3d at 654-58; *Sherrill v. Potter*, 329 F. App'x 672, 675 (7th Cir. 2009) (applying the *Pruitt* factors in a Title VII case); *see also Darden v. Ill. Bell Tel. Co.*, 797 F.2d 497, 500-501 (7th Cir. 1986) (instructing the court to consider "the merits of the plaintiff's claim, the plaintiff's diligence in attempting to obtain a lawyer, and the plaintiff's financial ability to retain counsel" when considering a motion to appoint counsel under Title VII (citation omitted)).

The second portion of this inquiry, stated another way, is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury [herself]." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (citation and internal quotation marks omitted). In conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to litigate [her] own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted). Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* If the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id.* Overall, the decision to recruit counsel "is a practical one, made in light of whatever relevant evidence is available on the question." *Id.*; *see also McCaa*, 893 F.3d at 1032-33.

## B. Analysis

Moore reports that she has contacted one attorney concerning her case, and that the attorney declined to represent her. (DE 22). Contacting just one attorney, however, is not a

reasonable attempt to obtain counsel. This Court has previously required that a *pro se* plaintiff contact at least three attorneys concerning the case. *See, e.g.*, *Pollard v. Meadows*, No. 1:15-cv-00330-RLM-SLC, 2016 WL 128531, at *1 (N.D. Ind. Jan. 11, 2016). Therefore, Moore fails to satisfy the threshold requirement concerning a request for recruitment of counsel. *See Jackson*, 953 F.2d at 1073 ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."); *see also Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7th Cir. 2010).

And even if Moore had contacted three attorneys, her request would still be denied, as it is evident that Moore seems fully capable of litigating her claims herself, at least at this stage of the proceedings. This suit is a relatively straightforward employment discrimination action: Moore claims that her former employer, FWCS South Transportation, discriminated against her based on her race, sex, age, and disability (though she does not describe her alleged disability), and then retaliated against her, when it terminated her employment as a bus assistant on a school bus. (DE 1); *see, e.g.*, *Jagla v. LaSalle Bank*, No. 05 C 6460, 2006 WL 1005728, at *5 (N.D. Ill. Apr. 12, 2006) (denying plaintiff's request for counsel in a straightforward national origin discrimination case, observing that the issue did not involve any "'nonintuitive procedural requirements applied in a setting of complex legal doctrine'" (quoting *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 429 (7th Cir. 1991))).

Moore has already adequately articulated her claims in her complaint and prepared several written motions seeking specific relief. (*See* DE 1; DE 2; DE 22; DE 30). She participated in a report of parties' planning meeting with defense counsel and in a scheduling conference before the Court. (DE 13; DE 15). She prepared and filed a response to Defendant's

motion to dismiss (DE 12), resulting in the Court's denial of the motion to dismiss (DE 16). Thus, it is obvious that Moore is literate and has adequate communication skills, at least for purposes of representing herself. *Cf. McCaa*, 2018 WL 3134606, at *4 (concluding that the district court erred by not appropriately considering that the incarcerated plaintiff's mental capacity required him to obtain assistance from another inmate); *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (reversing a district court's denial of request for counsel pertaining to "a blind and indigent prisoner with a tenth-grade education and no legal experience" in a case involving complicated medical matters); *Henderson v. Ghosh*, 755 F.3d 559, 567 (7th Cir. 2014) (reversing a district court's denial of request for counsel where the record reflected plaintiff's low IQ, functional illiteracy, and poor education).

Furthermore, the facts of this case are within Moore's personal knowledge to at least some degree, so the task of discovery does not appear particularly complex. Moore is not incarcerated, and thus, she has the freedom and ability to perform her own legal research. Also, this is not Moore's first *pro se* case alleging discrimination in the workplace. Rather, Moore has previously litigated at least one other discrimination case against a former employer, *see Moore v. LIFE Inc.*, No. 1:13-cv-00237-SLC (N.D. Ind. Aug. 12, 2013), as well as a discrimination claim against her labor union, *Moore v. AFSCME Int'l*, No. 1:17-cv-00424-TLS-SLC (N.D. Ind. Oct. 10, 2017). Thus, Moore has experience with the litigation process and discrimination claims in particular.

In sum, Moore has not made a reasonable attempt to obtain counsel, and even if she had, Moore appears to be competent and fully capable of representing herself in this suit at this juncture. *See Zarnes*, 64 F.3d at 289. Consequently, her motion will be DENIED. In the event

4

Moore's claims survive any motions for summary judgment and proceed to trial, the Court will, upon further motion, reconsider her request for counsel. *See Mungiovi v. Chi. Hous. Auth.*, No. 94 C 6663, 1994 WL 735413, at *2 (N.D. Ill. Dec. 19, 1994) ("[The] court's general practice is to consider appointment of counsel if and when it appears that the action has sufficient merit to require complex discovery or an evidentiary hearing." (citation omitted)).

### C. Conclusion

For the reasons stated herein, Moore's requests for the appointment of counsel (DE 22; DE 30) are DENIED. Moore is, of course, free to attempt to secure counsel on her own.

SO ORDERED.

Entered this 27th day of July 2016.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge